UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 2:23-cr-58-JTM |
| | ) | |
| JALEN DEANDRE SHORT | ) | |

### UNITED STATES' SENTENCING MEMORANDUM

Comes now the United States of America, by its counsel, Tina L. Nommay, Acting United States Attorney for the Northern District of Indiana, through Jerome W. McKeever, Assistant United States Attorney, to submit the following memorandum in preparation for the sentencing hearing in this case. For the reasons set forth below, the government recommends a sentence of 30 months imprisonment followed by a term of supervised release in the Court's discretion.

I.   Sentencing Guidelines and Sentencing Law

According to the final presentence report, the defendant's offense level is 19 and his criminal history category is I, resulting an in advisory guideline range of 30 to 37 months. The maximum term of imprisonment on each of Counts 1 and 3 is 10 years imprisonment, followed by a term of supervised release of three years. The government is seeking a final sentence of 30 months

imprisonment followed by a term of supervised release in the Court's discretion.

The Court must take into account the factors set forth in 18 U.S.C. § 3553(a), including: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the kinds of sentences available; (3) the sentencing range established for the applicable category of offense committed by the applicable category of defendant; (4) the pertinent Sentencing Commission policy statements; (5) the need to avoid unwarranted sentencing disparities; (6) the need to provide restitution to victims; and (7) the need for judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care.

Based upon the Section 3553(a) factors, the government's position is that a sentence of 30 months imprisonment followed by a term of supervised release in the Court's discretion is a fair and reasonable sentence under all circumstances.

## II. Application of the § 3553(a) Factors

### A. The Nature and Circumstances of the Offense

Mr. Short pled guilty to two counts of making a false statement to a federal firearms dealer during the purchase of a firearm on September 21, 2020, and December 15, 2020. PSR ¶¶ 1, 25.

Shortly after he turned 21 years old in September of 2020, Mr. Short began purchasing firearms for other people in exchange for money. He purchased at least 15 firearms between September 21, 2020, and October 26, 2021. PSR ¶ 10. Three of the firearms were recovered by police: a Springfield 9mm firearm on June 17, 2021, in Chicago; a Glock .40 caliber firearm that was used in shooting in Chicago on November 3, 2021; and a Glock 9mm firearm that was found in the possession of felon in Chicago on October 1, 2021. *Ibid.* Mr. Short cooperated with ATF agents who questioned him about the firearms, admitting that he bought the firearms for other people, including a member of the Gangster Disciples. PSR ¶ 15.

### B. History and Characteristics of the Defendant

Mr. Short has no criminal record. It seems that his only other encounter with police was for a traffic ticket. PSR ¶ 46. He was born Gary, Indiana, and lives in Gary with his father. PSR ¶¶ 47-48. He earned his high school degree in 2019 and has maintained steady employment, including while on pretrial release. PSR ¶¶ 66, 68-70. Aside from admitting to smoking marijuana a couple

3

times while on pretrial release, PSR ¶ 63, Mr. Short cooperated in the investigation by the ATF and accepted responsibility for his actions.

### C. Deterrence, Just Punishment, Protection of the Public, and Seriousness of the Offense

This case illustrates that straw purchasing firearms poses a real danger to the public. Guns end up in dangerous people's hands when purchasers lie on the ATF forms that they are the actual transferee/buyer of the firearms. Focusing on the 18 U.S.C. § 3553(a) factors, including the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, provide just punishment, promote deterrence, and protect the public, the government recommends a sentence of 30 months imprisonment.

### III. Conclusion

For the reasons set forth above, the government requests a sentence of 30 months imprisonment.

       Respectfully submitted,

       TINA L. NOMMAY
       ACTING UNITED STATES ATTORNEY

   By: *s/ Jerome W. McKeever*
      Jerome W. McKeever
      Assistant United States Attorney
      204 S. Main Street, Room M01
      South Bend, Indiana 46601
      Telephone: (574) 236-8287
      Email: Jerome.McKeever@usdoj.gov